# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| REAQUILA SCRIVEN on behalf of ZANDIA WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV425-276 |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Reaquila Scriven, proceeding *pro se*, filed a Complaint on behalf of Zandia Williams seeking judicial review of a denial of Supplemental Security Income benefits. *See* doc. 1. While the Complaint is silent as to the relationship between Scriven and Williams, a document attached to the Complaint identifies Williams as the Claimant in the underlying proceeding before the Social Security Administration and identifies Scriven as Williams' mother. *See id.* at 6-7. Scriven also moves to proceed *in forma pauperis* ("IFP"). Doc. 2. Before the Court considers whether Scriven may pursue this case IFP, it must first determine whether she is authorized to pursue her child's claim *pro se*.

It is generally the case that a parent, who is not an attorney, cannot pursue her child's case *pro se*. *See, e.g., FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) ("[W]e have held that parents who are not attorneys may not bring a *pro se* action on their child's behalf." (quotes and cite omitted)). The purpose of this rule is to protect the child's interest in the claim; the concern is that a parent, however well-intentioned, untrained in the law will not be able to adequately prosecute the case. *See Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruling in part on other grounds recognized by Kell v. Smith,* 743 F. App'x 292, 294 (11th Cir. 2018) (noting that general prohibition on parental representation "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents.").

However, the prohibition on parents prosecuting their children's claims *pro se* "is not ironclad." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Courts have allowed non-attorney parents to prosecute claims *pro se* when the nature of the claim suggests that such prosecution represents the best, if not the only, way to protect the child's rights. *See Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (allowing non-

attorney parent to pursue SSI claim *pro se*, in part, because rigid application of the general rule "would unfairly penalize the children seeking SSI benefits because their parents will rarely be able to hire counsel due to the stringent family income limitations to which the award of SSI benefits are subject." (cites omitted)).

Given courts' general approbation for non-attorney parents' pursuit of SSI benefits on behalf of their children, the Court sees no reason to prevent Scriven's suit on behalf of Williams.  *See, e.g., Harris v. Apfel*, 209 F.3d 413, 414-17 (5th Cir. 2000) (holding that "the rights of minors in SSI appeals can be adequately protected without legal counsel" and a prohibition on such representation "would jeopardize seriously the child's statutory right to judicial review under §405(g)."); *see also, e.g., Kennedy o/b/o C.H.P.K. v. Berryhill*, 2019 WL 623855, at * 2 (N.D. Fla. Jan. 29, 2019) ("The analysis set forth in *Harris* is persuasive, and the court finds [the parent] may proceed *pro se* on behalf of [the minor]."); *Woods on behalf of A.L.D. v. Commissioner of Social Security*, 2018 WL 773925, at *3 (S.D. Ohio Feb. 8, 2018) (Report and Recommendation declining to recommend dismissal of minor's Social Security appeal brought by *pro se* parent on standing grounds, based on "the same policy considerations"

3

recognized in *Harris*). However, if the Defendant has information inconsistent with the Court's understanding, or has reason to challenge the Court's finding, it must provide that information or argument in its response to the Plaintiff's Complaint.

Since, for now, the Court finds that Scriven may pursue this claim on Williams' behalf, it must consider whether to allow Scriven to pursue it IFP. Scriven's IFP application represents that she is employed, but that her wages vary because she "get[s] paid by the orders [she] completes." Doc. 2 at 1. She also receives monthly child support payments of $636. *Id.* She has $5 in cash or in a checking or savings account, and monthly expenses over $700, plus perhaps an additional $918 per month car payment. *Id.* at 2. While Plaintiff may qualify to proceed *in forma pauperis*, the Court is unable to make that determination based on what was submitted. Her representation that her monthly income "varies," without giving any indication of the various amounts she earns, precludes the Court from finding she is indigent.

Therefore, because the Court cannot conclude from Plaintiff's Motion that she is indigent, she must supplement it.

Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal*

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at *2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee); *Swain v. Colorado Tech. Univ.*, 2014 WL 3012730 at *1 n.1 (S.D. Ga. May 14, 2014).

To that end, the Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at *1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n.3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit of North America, LLC*, 2013 WL 842515 (11th Cir. Mar. 6, 2013) ("Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").

*Music Grp.*, 2013 WL 1146865 at *1 (S.D. Ga. Mar. 19, 2013). Plaintiff, therefore, must provide additional information.[2]

Plaintiff is, therefore, **DIRECTED** to file a supplemental application to proceed IFP within fourteen days from the date of entry of this Order. The Clerk of Court is **DIRECTED** to include with this Order a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Plaintiff is **DIRECTED** to file her supplemental application using this long form. In completing the supplemental application, she must answer every question to the best of her ability. If she lacks the requested information, she should reflect

---

[2]   A few important points must be underscored here:

> First, proceeding [IFP] in a civil case is a privilege or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny in [IFP] s status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at *1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

6

the lack of knowledge in her response and provide her best estimation of the requested amount. She must sign the form. Failure to comply with this Order may result in a recommendation that this case be dismissed. *See* Fed. R. Civ. P. 41(b).

Additionally, because Plaintiff is proceeding *pro se* on behalf of her child, the Court will offer a few observations about her obligations moving forward. Despite her *pro se* status, she is subject to the governing procedural rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). She should review the Federal Rules of Civil Procedure, paying close attention to the Supplemental Rules for Social Security Decisions Under 42 U.S.C. § 405(g) which govern this proceeding.[3] She should also familiarize herself with this Court's Local Rules.[4] She is responsible for prosecuting this case, and any delays could result in dismissal for her failure to prosecute. *See, e.g.*, S.D. Ga. L. Civ. R. 41.1. If she has concerns about the status of her case at any

---

[3] A copy of the Federal Rules of Civil Procedure, including the Supplemental Rules, is available here: https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure.
[4] A copy of this Court's Local Rules is available here: https://www.gasd.uscourts.gov/civil-cases-local-rules.

7

point, she may contact the Clerk's Office to determine what has been filed on the docket.[5]

**SO ORDERED,** this 24th day of November, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Clerk's contact information can be found here: https://www.gasd.uscourts.gov/content/savannah.

8